UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| APOLLO JOHNSON, #343032, )<br> Plaintiff, )<br> ) No. 1:20-cv-670<br>-V- )<br> ) HONORABLE PAUL L. MALONEY<br>BARBARA HOOVER, et al., )<br> Defendants. )<br> ) | |

### ORDER

This is a prisoner civil rights action brought by state prisoner Apollo Johnson pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Johnson's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Ray Kent (R&R ECF No. 52; Objection ECF No. 53). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Johnson brings several objections to Magistrate Judge Kent's R&R, each of which are meritless. First, he argues that Grievance 810 exhausts his claims against Defendants Versalle and Rexford; the Court disagrees. Grievance 810 lists an incident date of August 12, 2018, but as the R&R noted, none of Johnson's claims against Defendants Versalle or Rexford occurred on that date. This grievance is not related to any claims in this lawsuit, so it cannot exhaust any claims in this lawsuit. This objection will be overruled.

Next, Johnson argues that Grievance 717 exhausted his claims against Versalle. But the complaint alleges that Versalle refused to examine Johnson because Johnson could not walk to health services, while Grievance 717 alleges that Versalle would not look at Johnson's fungal rash. As with Grievance 810, Grievance 717 is not related to any claims in this lawsuit. Thus, the R&R properly concluded that Grievance 717 does not exhaust Johnson's claims against Versalle. This objection will be overruled.

Johnson's third objection is that Grievance 721 exhausted his claims against Versalle. But Grievance 721 was rejected for a procedural reason: Johnson did not make a separate

attempt to resolve his issues with Versalle. When a grievance is rejected for a procedural reason, rather than on its merits, a § 1983 claim is subject to dismissal for failure to exhaust even if the prisoner pursues that grievance through Step III. *See Burnett v. Howard*, No. 2:09-cv-37, 2010 WL 1286256, at *1 (W.D. Mich. Mar. 30, 2010). Thus, the R&R properly concluded that Grievance 721 did not exhaust Johnson's claims, and this objection is overruled. Johnson's next two objections also relate to Grievance 721, arguing that they exhausted his retaliation claims against Versalle; these objections fail for the same reason.

Finally, Johnson argues that he has established genuine issues of material fact regarding whether he received adequate medical treatment. The Court need not reach this argument because Johnson failed to exhaust his Eighth Amendment claim, so the merits of that claim are not properly before the Court. This objection will be overruled.

## Conclusion

For the reasons stated in this order,

**IT IS ORDERED** that the July 6, 2021 R&R (ECF No. 52) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 53) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants Rexford and Versalle's motion for summary judgment (ECF No. 27) is **GRANTED**.

**IT IS SO ORDERED.**

Date:  August 25, 2021                                           /s/ Paul L. Maloney  
                                                                Paul L. Maloney  
                                                                United States District Judge

3